In the Matter of ROY O. LANGE, an Attorney, Respondent.
ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 19, 1954.

*Frank H. Gordon* (*Frederick H. Block* of counsel), for petitioner.

*Roy O. Lange,* respondent in person.

*Per Curiam.* The Referee has reported that respondent attorney is guilty of two charges of professional misconduct. The evidence fully supports the findings.

The basis for the first charge was respondent's conduct in advising Cuban nationals whom he represented that they could legalize their status in this country by going to Canada and obtaining permanent residence visas from the American consulate at Montreal. Respondent knew at the time he gave the advice that these aliens had illegally overstayed in the United States, and that if their status was made known to the Canadian border authorities they would be denied admission to Canada. In order to enable his clients to secure entrance into Canada respondent advised them to conceal the purpose of their visit to

that country, and if questioned by the Canadian authorities to falsely represent that they were citizens of the United States. Respondent in some cases accompanied the aliens and personally represented to the Canadian officials that his clients were Americans, thus securing their admission into Canada. Respondent also furnished some of his clients with false birth certificates showing that they had been born in the United States.

The second charge found to have been sustained was the violation by respondent of section 1820-a of the Penal Law. Respondent, a notary public, signed and sealed certain statements obtained from his clients' employers to give them the appearance of affidavits, although the purported affiants had not appeared before him and were unknown to him. It may be noted that these statements were not required by the immigration authorities to be sworn.

A third charge against respondent was that of perjury. The testimony was given under oath before an investigator of the Immigration and Naturalization Service of the Department of Justice. The Referee found that this charge was not sustained, on the ground that the immigration investigator conducting the examination was not authorized by law to administer the oath, and on the further ground that the examination as conducted went beyond the scope provided by law for investigations of this character. The Referee found, nevertheless, that respondent was guilty of professional misconduct in knowingly giving false information calculated to impede the investigation. It is unnecessary, particularly in view of the Referee's comment, to pass on the question whether the technical charge of perjury should have been sustained.

It is clear that respondent was by improper methods conducting systematically a traffic regularizing in appearance the status of aliens who had illegally overstayed, and who were subject to arrest and deportation. His activities and methods were clearly in violation of the ethical standards required of members of the Bar (*Matter of Hoffman,* 262 App. Div. 472).

The respondent should be disbarred.

Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ., concur.