In the Matter of WILLIAM A. DOUGHERTY, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 6, 1959.

*Frank H. Gordon* of counsel (*Lewis B. Reynolds* with him on the brief), for petitioner.

*John T. Cahill* of counsel (*James B. Henry, Howard W. Phillips* and *William J. Quinlan* with him on the brief), for respondent.

*Per Curiam.* Respondent, who was admitted to the Bar of New York on motion in 1936, is charged with professional misconduct in making false and misleading statements under oath before the Securities and Exchange Commission. The facts are not in dispute. Respondent, who represented clients in the public utilities field, had given a $5,000 check to a public official of the State of Illinois. That official was thereafter removed from office and convicted of embezzling State funds. Examination of his affairs disclosed a private bank account in which respondent's check had been deposited. Interested in whether there had been any violation of the Public Utility Holding Company Act, the Securities and Exchange Commission commenced an investigation. Respondent appeared before an examiner in New York, and in response to inquiry about the check, flatly denied under oath that he had given the check to the public official under investigation, and denied any knowledge as to how it had come into his possession. He gave an elaborate account of how he had drawn the check as a loan for a friend, whose identity he declined to disclose, and stated that he had been repaid. It is now conceded that respondent's testimony was false and misleading in several important respects.

On being subsequently recalled by the Securities and Exchange Commission examiner, respondent refused to give any further testimony, and claimed privilege against possible self-incrimination. Immunity was thereupon conferred upon him, at which point respondent made a full disclosure. He attempted to justify some of his prior answers by some exercises in casuistry, contending that they were not completely untruthful, although concededly evasive and misleading.

At a subsequent hearing before the Securities and Exchange Commission to investigate respondent's fitness to practice before the commission, respondent, although he admitted all the facts, insisted that he saw nothing wrong in making a loan to an influential public official to promote a friendly attitude in the event it might become expedient to enlist his cooperation on behalf of a client; and asserted that he was justified in his refusal to disclose, or as he put it, " be forward " about matters he believed to be beyond the scope of proper inquiry by the commission. He further indicated that he thought the Securities and Exchange Commission examiner guilty of excessive zeal in making a mountain out of a molehill by going into a matter of a " measly little $5,000 " compared with over a million dollars which had been embezzled from the Illinois State Treasury. Respondent was suspended from practice before the Securities

and Exchange Commission on October 18, 1957, but was reinstated on April 2, 1958.

The contention respondent originally urged on a prior motion for summary dismissal of the petition herein — that he should not be subjected to penalty after having given testimony under a promise of immunity — is again raised here, and is wholly without merit. " A disciplinary proceeding is not concerned with meting out punishment but with the question of fitness to continue on the roll of qualified attorneys. The primary consideration is the protection of the public in its reliance upon the integrity and responsibility of the legal profession '' (*Matter of Gould,* 4 A D 2d 174, 175). It is clear that a grant of statutory immunity does not preclude subsequent disciplinary proceedings against an attorney (*Matter of Rouss,* 221 N. Y. 81). Furthermore, these disciplinary proceedings turn upon the concededly false answers respondent originally gave, not on the facts revealed by the testimony he subsequently gave under the grant of immunity. It would appear in any event that the privilege against self-incrimination was not properly invoked, since according to respondent's own testimony he acted not out of fear of prosecution but from a desire to protect one of his clients from adverse publicity (cf. *Matter of Becker,* 229 App. Div. 62, 73).

The conduct of the respondent in giving false testimony under oath represented an inexcusable rejection of the high standards demanded of a member of the legal profession. Whether the questions propounded by the Securities and Exchange Commission examiner were sufficiently relevant to the inquiry of the commission so as to subject respondent to prosecution for perjury is of no moment. The concededly false answers given and respondent's lack of candor, whether technically perjurious or not, breached the standards of professional ethics (*Matter of Lange,* 283 App. Div. 223).

Respondent's subsequent attempts to minimize the gravity of his acts and his cavalier dismissal of the examiner's interest in the circumstances surrounding the issuance of the check, bespeak a continuing lack of appreciation of the gravity of his behavior. His misconduct cannot be condoned merely because respondent was motivated by misplaced zeal and mistaken notions of loyalty to his client (Canons of Professional Ethics, canons 15, 22, 26).

The high and respected position that respondent has enjoyed at the Bar, and the faith reposed in him by distinguished character witnesses, serve in part to emphasize his appalling failure

to comprehend his professional responsibilities. Nor can this failure be excused or condoned by later expressions of remorse and contrition. Respondent should be disbarred.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Respondent disbarred.