In the Matter of VIVIENNE W. NEARING, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 28, 1962.

*Eric Nightingale* for petitioner.

*Edward N. Costikyan* of counsel (*John Lyon* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1951 following notable scholastic achievements in college, postgraduate school and law school. Both prior and subsequent to her admission, she did research work for and collaborated with eminent figures in the world of jurisprudence. In 1956 she joined the legal staff of a large corporation, where she has been since. She served and is still serving on various committees of an association having to do with legal aspects of the industry. Her service has, in addition to giving satisfaction to her employers, earned a high degree of approbation from distinguished members of the Bar with whom she has come in contact.

In the Winter of 1957 she made four appearances as a contestant on a television quiz program called " Twenty One ". In November, 1958, the District Attorney of New York County made an investigation of that program and was presenting evidence in regard to it to a Grand Jury. Respondent was invited to testify before it and she gave testimony under oath. The testimony she gave was false to her knowledge and was material to the investigation. In effect, she testified that the contests, involving the breadth and depth of the contestants' information and their feats of recollection, were bona fide when in fact they were staged and the program, consequently, was a hoax on the viewing public.

Following various developments in the investigation of the program, respondent, at her own request, went before another Grand Jury and, admitting the falsity of her prior answers, testified as to the true facts. An information for perjury in the second degree was filed against her, to which she pleaded guilty. Prior to her second appearance before a Grand Jury,

she had received competent legal advice to the effect that if she kept silent it would be virtually impossible for the District Attorney to convict her as the result of her earlier testimony; and when the information was filed against her she refused to allow her counsel to present a defense based on technical objections to the information. Furthermore, she was the first of the numerous people connected with the investigation to make a public exposure of the facts.

She has been charged with " conduct prejudicial to the administration of justice ", pursuant to subdivision 2 of section 90 of the Judiciary Law. Under this section, disbarment is not automatic and the discipline to be applied rests in the discretion of the court (*Matter of Donegan,* 282 N. Y. 285, 288, 293). No factual or legal question is presented on this application other than the sanction that a sound discretion would dictate.

The ultimate purpose of disciplinary proceedings is to protect the public in its reliance upon the integrity and responsibility of the legal profession (*Matter of Gould,* 4 A D 2d 174). It is not a punishment for breaches committed, but an effort to see to it that the public will not again be exposed to like or similar infractions. To accomplish this end, an appraisal of the character of the offender is the true guide, but the nature, seriousness and surrounding circumstances of his offense are most significant factors as indicia of what may be expected in the future. The attorney's attitude toward the obligations and duties implicit in taking the oath of office as an attorney is probably the most decisive factor in reaching a determination.

However, the protection of the public involves something more than the application of sanctions to the individual involved. It is accomplished through notice to the profession that certain conduct will not be tolerated and is thereby an assurance to the public that, as far as known, certain taints do not exist, because, if discovered, they would be eradicated (*Matter of Dougherty,* 7 A D 2d 163, 165, affd. 7 N Y 2d 869).

We come now to the application of these principles to the matter before us. Respondent has demonstrated both professional ability and awareness of professional obligations. On the reverse side, she has committed perjury, a crime which strikes at the foundations of her own profession with an impact equalled by few, if any, of those which comprise our penal code. It is always and without qualification a serious breach of ethical standards (*Matter of Lange,* 283 App. Div. 223). Though not committed for personal gain or to advance the cause of a client, and atoned with fairly reasonable promptness, the stark fact of its commission remains. The considerations

above set out require that, despite the extenuating circumstances, disciplinary action must follow.

Respondent should be suspended for a period of six months.

BOTEIN, P. J., BREITEL, STEVENS, EAGER and STEUER, JJ., concur.

Respondent suspended for a period of six months.