[732 NYS2d 796]

In the Matter of SALVATORE J. PIEMONTE, a Suspended Attorney, Respondent.

Fourth Department, November 9, 2001

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel,* Syracuse, for Fifth Judicial District Grievance Committee.

*Emil M. Rossi,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on June 26, 1980, and formerly maintained an office for the practice of law in Syracuse. On January 26, 2001, respondent was convicted upon his plea of guilty in the United States District Court for the Northern District of New York of filing a false document (26 USC § 7207), a misdemeanor. Respondent admitted that he falsely identified the source of cash in the amount of $11,000 on an Internal Revenue Service form. Respondent was sentenced to a term of imprisonment of 90 days and was ordered to pay a fine in the amount of $2,500. This Court determined that filing a false document is a serious crime within the meaning of Judiciary Law § 90 (4) (d), and, on February 8, 2001, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered. Respondent appeared before the Court and requested a hearing prior to disposition pursuant to Judiciary Law § 90 (4) (h) and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm in part.

We confirm the findings of fact made by the Referee, including the finding in mitigation that the addiction of respondent to alcohol and cocaine affected his judgment. We note in aggravation, however, that respondent was previously suspended upon his conviction of tampering with a witness (Penal Law § 215.10), and, in a subsequent application for reinstatement, he failed to inform this Court that he was the subject of a Federal investigation into charges that resulted in his plea in the instant case.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years, effective February 8, 2001, and until further order of the Court.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Final order of suspension entered.