[924 NYS2d 864]

In the Matter of JOSEPH G. MAKOWSKI, an Attorney, Respondent.

Fourth Department, June 10, 2011

**APPEARANCES OF COUNSEL**

*Guy Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committe*e, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and maintains an office for the practice of law in Buffalo. He served as a Supreme Court Justice in Erie County from January 1, 1999 until he resigned from that office on March 5, 2009. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including engaging in illegal conduct, accepting private employment as an arbitrator or mediator in matters upon which he acted in a judicial capacity, and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm in part and disaffirm in part. Respondent cross-moves to confirm the report and to dismiss the petition.

The Referee found that respondent admitted under oath that, while he was serving as a Supreme Court Justice, he filed an affidavit in Hamburg Town Court containing false and intentionally misleading statements in an effort to obtain a dismissal of criminal charges pending against a friend and that, prior to his resignation, he sought private employment as an arbitrator or mediator in two matters that had been pending before him. The Referee also determined, and the Grievance Committee has conceded, that respondent did not fail to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on the lawyer's fitness as a lawyer.

Inasmuch as respondent did not ultimately accept private employment in the two matters that were pending before him, we conclude that there was no violation of DR 9-101 (a) (22 NYCRR 1200.45 [a]).

The filing of a false affidavit intended to mislead a court constitutes serious misconduct. In determining an appropriate sanction, we note that the primary concern in disciplinary proceedings is the protection of the public (*see Matter of Dondi*, 63 NY2d 331, 339-340 [1984]; *Matter of Nearing*, 16 AD2d 516, 518 [1962]). As stated in *Nearing* (16 AD2d at 518):

> "It is not a punishment for breaches committed, but an effort to see to it that the public will not again be exposed to like or similar infractions. To accomplish this end, an appraisal of the character of the offender is the true guide, but the nature, seriousness and surrounding circumstances of his offense are most significant factors as indicia of what may be expected in the future. The attorney's attitude toward the obligations and duties implicit in taking the oath of office as an attorney is probably the most decisive factor in reaching a determination."

To that end, we have considered matters submitted by respondent in mitigation, including that he derived no personal benefit from his misconduct and was forced to resign from his public office because of his misconduct. We have also considered the hearing testimony of seven character witnesses that the misconduct was an aberration inconsistent with respondent's reputation in the legal community for professionalism and ethical practice, as evidenced by a previously unblemished record during his 31-year career. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for a period of six months and until further order of the Court (*see Matter of Piemonte*, 287 AD2d 117 [2001]). Additionally, we direct that respondent successfully complete the Multistate Professional Responsibility Examination prior to the filing of an application for reinstatement to the practice of law.

SCUDDER, P.J., SMITH, CENTRA, CARNI and LINDLEY, JJ., concur.

Order of suspension entered