Matter of Piemonte (2019 NY Slip Op 03524)





Matter of Piemonte


2019 NY Slip Op 03524


Decided on May 3, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
 PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed May 3, 2019.)


&em;

[*1]MATTER OF SALVATORE J. PIEMONTE, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 26, 1980, and he maintains an office in Camillus. The Grievance Committee has filed two petitions against respondent asserting a total of two charges of misconduct, which primarily concern his alleged mishandling of client funds and his violation of various rules governing trust accounts and related record keeping. Respondent denied material allegations of the petitions, and this Court appointed a Referee to conduct a hearing. During the proceeding before the Referee, documents were received into evidence and the parties entered into stipulations resolving all issues of fact with respect to both petitions. The Referee thereafter filed a report for each petition sustaining the charges and making an advisory determination that respondent violated certain Rules of Professional Conduct (22 NYCRR 1200.0). The Grievance Committee moves to confirm the reports of the Referee and, in response, respondent submits matters in mitigation. Respondent also appeared before this Court on the return date of the petitions, at which time he was afforded an opportunity to be heard in mitigation.
With respect to the first petition, which was filed in August 2017, respondent admits that, from February through May 2017, he deposited personal funds in the total amount of $7,252.51 into his attorney trust account. The Referee found that most of those funds were deposited at a time when respondent was also maintaining client funds in the account. Respondent also admits that, from February through March 2017, he issued six trust account checks, in amounts ranging from $38.87 to $128.50, that were dishonored for insufficient funds. Respondent admits that, in January 2017, he received funds from a client in the amount of $60 for payment of a traffic fine, but respondent failed to deposit the funds into his trust account. Although the fine was due March 1, 2017, respondent did not pay the fine on behalf of the client until May 10, 2017. Respondent also admits that, in April 2017, he issued a trust account check payable to cash in the amount of $60. Finally, the Referee found that, in April and May 2017, respondent failed to comply fully with the Grievance Committee's requests that he produce certain trust account records that, pursuant to the Rules of Professional Conduct, he was required to make, keep, and produce upon request of the Grievance Committee.
With respect to the second petition, which was filed in December 2017, respondent admits that, from May through September 2017, he sought to pay certain personal debts by issuing three trust account checks, all of which were dishonored for insufficient funds. The Referee also found that, from July through November 2017, respondent failed to comply fully with the Grievance Committee's requests that he produce certain trust account records that, pursuant to the Rules of Professional Conduct, he was required to make, keep, and produce upon request of the Grievance Committee.
We confirm the factual findings of the Referee, find respondent guilty of professional misconduct, and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (a)—misappropriating client funds and commingling personal funds with client funds;
rule 1.15 (b) (1)—failing to maintain client funds in an attorney special account separate from his business or personal accounts;
rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts regarding those funds;
rule 1.15 (d) (1)—failing to maintain required bookkeeping and other records concerning his practice of law;
rule 1.15 (d) (2)—failing to make contemporaneous and accurate entries of all financial transactions in his records of receipts and disbursements, ledger books, and any other books of account kept by him in the regular course of his practice;
rule 1.15 (e)—making withdrawals from his attorney trust account in a manner other than by check payable to a named payee;
rule 1.15 (j)—failing to produce required bookkeeping and other records in response to a notice issued by the Grievance Committee; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
Although the Grievance Committee alleges that respondent violated certain other provisions of the Rules of Professional Conduct, we decline to sustain those alleged rule violations inasmuch as they are either not supported by the record or have been rendered superfluous by virtue of our determinations set forth herein.
In determining an appropriate sanction, we have considered the nature of the misconduct herein and respondent's extensive disciplinary history, which includes two prior suspensions from the practice of law arising from criminal convictions for serious misconduct (Matter of Piemonte , 287 AD2d 117 [4th Dept 2001]; Matter of Piemonte , 271 AD2d 165 [4th Dept 2000]). We have also considered the matters in mitigation submitted by respondent, including his statement that none of his misconduct has negatively affected his clients, but we note that, even if that statement was accurate, the purposes of the attorney disciplinary process extend beyond protection of clients (see 22 NYCRR 1240.8 [b] [2] [disciplinary sanctions may be imposed as appropriate to "protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct"]). Although the misconduct herein, standing alone, may not warrant suspension from the practice of law, we conclude that the instant misconduct, coupled with respondent's extensive disciplinary history, necessitates suspension to maintain the integrity of the profession and deter others from engaging in repeated acts of professional misconduct. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.