In the Matter of JAMES G. DEWINDT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 1983

### APPEARANCES OF COUNSEL

*Patricia Smillie-Scavelli* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Carlucci & Legum* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in the Second Department on January 23, 1980. On June 9, 1982 respondent was convicted on his plea of guilty in the United States District Court for the Southern District of New York

of two counts of unlawfully, willfully and knowingly embezzling, abstracting, purloining and willfully misapplying moneys, funds and credits of Citibank N. A. (his employer) in violation of section 656 of title 18 of the United States Code. Sentence was suspended and respondent was placed on probation for 1½ years. As a special condition of probation, respondent was required to "devote 75 hours to Community Service as directed by the Probation Department, preferably community service with legal aid or legal service group."

By order entered February 24, 1983 we directed respondent James deWindt to show cause why a final order of suspension, censure or removal from office should not be made, and we suspended respondent pending final determination of the petition.

Respondent has submitted a verified answer in which he interposes as defenses that (a) the crime of which respondent was convicted is not a serious crime within the meaning of the Judiciary Law, (b) the judgment of conviction is not final and this proceeding is thus premature, (c) the court lacks jurisdiction over the subject matter, and that venue in this department is improper and more properly lies in the Second Department, and (d) suspension from February 24, 1983 to the present is sufficient punishment and respondent should now be reinstated.

Although a violation of section 656 of title 18 of the United States Code can be either a felony or a misdemeanor under Federal law, respondent states (and the Disciplinary Committee does not dispute) that he was convicted of a misdemeanor before the United States District Court. A serious crime is defined, insofar as is here relevant, as "any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes * * * misappropriation [or] theft" (Judiciary Law, § 90, subd 4, par d). Clearly, then, embezzlement is a serious crime within the meaning of the Judiciary Law.

The finality of the judgment of conviction is not subverted by a suspended sentence.

Our jurisdiction in disciplinary matters extends, *inter alia,* to "all attorneys who are admitted to practice, reside

in, commit acts in or who have offices in this judicial department". (Rules of App Div, 1st Dept, 22 NYCRR 603.1 [a].) Thus the fact that the conduct upon which the conviction is based took place in this department is sufficient to establish this court's jurisdiction and "venue".

The discipline of an attorney "is not a punishment for breaches committed, but an effort to see to it that the public will not again be exposed to like or similar infractions." (*Matter of Nearing,* 16 AD2d 516, 518.) Two months after he was admitted to practice, respondent, a management officer employed by Citibank, prepared two memoranda by which bank funds were paid, purportedly for consulting services, to a corporation owned by respondent. In mitigation, respondent pleads that he was otherwise unable to meet obligations for his son's tuition and that he feared his son would therefore be denied graduation and college admission. Respondent says he intended to use these funds as a loan to tide him over during this crisis period. This cannot excuse respondent's serious breach of trust. Nor does the fact that the acts were committed in respondent's capacity as a bank officer and not as an attorney lessen the gravity of his misconduct.

Respondent should be disbarred.

KUPFERMAN, J. P., CARRO, SILVERMAN, FEIN and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.