In the Matter of CYNTHIA SIWULEC (Admitted as CYNTHIA ANNE SIWULEC), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 19, 1985

**APPEARANCES OF COUNSEL**

*Jeanne C. O'Rourke* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Jonathan Marks* for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee (DDC), and respondent move for an order confirming a Referee's report and suspending respondent from practice for a period of three years from August 29, 1984.

Respondent, admitted to practice in the Second Department on May 21, 1979, practiced in the First Department. She was convicted on her plea of guilty, on November 15, 1983 in the United States District Court for the District of New Jersey, of one count of conspiracy to aid and abet the entry of aliens into the United States by willful concealment of material facts in violation of 18 USC § 371, and eight counts of aiding and abetting the entry of aliens into the United States by willful concealment of material facts in violation of 8 USC § 1325 and 18 USC § 2.

On August 29, 1984, this court found that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and suspended her from practice effective August 29, 1984. A Referee was also appointed to render a report and recommendation pursuant to Judiciary Law § 90 (4) (h).

Subsequent to this order the DDC sought an order disbarring respondent for her willful failure to comply with this court's suspension order. On September 13, 1984, two weeks after her suspension, she had appeared for three aliens at permanent residency adjustment hearings before an Immigration and Naturalization Service (INS) examiner. She also had written, on her legal stationery, a request for an extension of voluntary departure on behalf of a client after the effective date of the order of suspension.

Respondent admitted the truth of these allegations, but offered mitigating circumstances. The hearing at the INS office was the examiner's last interview with her clients, whom she had represented for over a year, to determine whether they were eligible for a change in status. Respondent played a passive role in the proceeding, and did not receive any fee. The letter was sent on behalf of a client who had been directed to depart the United States in one week and whom she had been unable to locate to advise him of the notice. She notes that this was only two weeks after she had

ceased practicing and that she believed she would have some time to phase out her practice. Respondent argues that such innocuous participation, after having represented the clients for so long, seemed innocent. We denied the motion to disbar, with leave to renew after the final report was received from the Referee.

In October of 1979, respondent was employed as an associate in the office of an attorney whose practice was almost exclusively confined to immigration matters. All of the cases on which she worked were for clients of this particular attorney. She left his office in August of 1982, after receiving a Grand Jury subpoena in July. She immediately thereafter cooperated with the authorities, and apparently eventually was permitted to plead guilty in return for her cooperation.

The Referee found respondent to be industrious, honest and sincere, with a record unblemished except for the period of time when she was employed by the attorney. He also noted that her character witnesses and character letters were impressive. The United States Attorney's office has attested to her extensive cooperation. On the basis of these considerations, the Referee recommended that respondent be suspended for three years from the date of the original order.

Both the DDC and respondent have moved to confirm the Referee's report, including the recommendation that a suspension of three years be imposed. The DDC has withdrawn its previous motion to disbar respondent in light of the Referee's finding that the matters in which respondent participated after the order of suspension did not constitute willful defiance of the order of suspension.

Although respondent's offenses constitute "serious crimes", since they involve fraud and deceit, and conduct prejudicial to the administration of justice, in light of the consensus of all parties on the sanctions to be imposed, and our own view of respondent's otherwise unblemished record and earnest nature, we believe that the circumstances are such that a three-year suspension is appropriate. We note that before respondent became associated with the attorney specializing in immigration matters, she was employed by a community service organization as director of its immigration assistance program. Her obvious interest in their cause apparently resulted at times in an overly zealous representation of her clients. Furthermore, the Referee found that her employer, as a result of her youth and inexperience, deluded her.

Accordingly, the motion and cross motion should be granted, the Referee's report confirmed, and respondent suspended from the practice of law for three years, effective as of August 29, 1984.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and BLOOM, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective as of August 29, 1984, and until the further order of this court.