[637 NYS2d 130]

In the Matter of MICHAEL MARKOVITCH, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 1, 1996

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Gentile & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in this State

in 1982, at the Second Judicial Department. He has maintained an office for such practice within the First Department at all times relevant to these proceedings.

In July 1992 respondent entered a plea of guilty, in United States District Court for the Southern District of New York, to conspiracy to commit immigration fraud, a felony violation of 18 USC § 371, in satisfaction of a multicount indictment which additionally charged filing of false statements with a government agency. He was sentenced, on January 5, 1993, to five years' probation (including six months in a community correction center) and fined $50,050. On July 8, 1993, this Court suspended respondent from practice for this "serious crime," pending further disciplinary proceedings (191 AD2d 116). It is conceded that respondent learned of this interim sanction on July 17, 1993.

Respondent was accused of conspiracy to defraud the Immigration and Naturalization Service by seeking to effect changes to the immigration status of clients based upon sham marriages. Whereas the indictment charged participation in this activity over the course of one year, the Hearing Panel found that such conduct actually extended over a period of three years. The point is that the criminal activity was not an isolated incident; indeed, respondent was involved with 47 such sham marriages, netting him over $40,000 in fees.

The Hearing Panel has recommended a sanction of suspension from practice for four years, retroactive to the date he learned of his interim suspension, or for the duration of respondent's probation (without leave for earlier reinstatement should the period of probation be reduced), whichever is longer, and the parties agree. In light of respondent's extended course of conduct and the absence of mitigating factors, we believe this sanction is appropriate (*cf.*, *Matter of Siwulec*, 113 AD2d 250).

Accordingly, the Hearing Panel's findings of fact and conclusions of law are confirmed, and respondent is suspended from the practice of law for four years, effective July 17, 1993, or for the duration of his Federal probation, whichever is longer.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ROSS and MAZZARELLI, JJ., concur.

Motion granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of

New York, effective as of July 17, 1993, for a period of four years, or for the duration of his Federal probation, whichever is longer, and until the further order of this Court.