[725 NYS2d 26]

In the Matter of HANNA Z. HANNA (Admitted as HANNA ZAKI HANNA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 3, 2001

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Lawrence V. Carra* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Hanna Z. Hanna was admitted to the practice of

law in the State of New York by the Third Judicial Department on January 24, 1989, as Hanna Zaki Hanna. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On May 28, 1997, respondent entered a plea of guilty in the United States District Court for the Eastern District of New York, to one count of aiding and abetting the filing of an application for alien registration containing a false statement, a misdemeanor, in violation of 8 USC § 1306 (c) and 18 USC § 2. On February 28, 1998 he was sentenced to one-year probation and fined $1,000. The charge arose out of a scheme by which immigrants were assisted in obtaining permanent resident status by the filing of fraudulent applications for adjustment of immigration status, based upon alleged marriages to American citizens. Although respondent protests that he was merely naive, duped into filing fraudulent papers prepared by a colleague who then paid him to file them, it was respondent who falsely certified in filed documents that he had seen original birth and marriage certificates of the immigrant and the citizen spouse, and that the copies submitted to the Immigration and Naturalization Service were true copies of the original documents. He further falsely declared that he had prepared the forms at the request of the citizen spouses, when in fact the citizen spouse named in each document was fictitious and non-existent. Respondent filed a total of approximately 10 false applications between June and September 1992, for which he was paid $300 per application.

By an order dated April 30, 1999, this Court granted the petition of the Department Disciplinary Committee to the extent of determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b).

After a hearing held on December 31, 1999, the Referee, in a report and recommendation dated August 28, 2000, recommended that respondent be disbarred. The Hearing Panel, after hearing oral argument, issued a determination dated December 13, 2000, recommending a three-year suspension.

The Committee now moves pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) for an order confirming the findings of fact and conclusions of law of the Hearing Panel. Respondent opposes the suggested length of the suspension, proposing a six-month suspension.

That the crime of which respondent stands convicted is a misdemeanor does not limit the sanction; indeed, an attorney

may be disbarred based upon such a conviction (*see, Matter of Chervin*, 181 AD2d 111; *Matter of Grier*, 156 AD2d 46; *Matter of de Windt*, 93 AD2d 507, *appeal dismissed* 60 NY2d 612). The appropriate sanction must be determined by consideration of all the facts and circumstances, including those in mitigation. Upon such consideration here, particularly taking note that the offense has already been determined to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d), we conclude that the appropriate sanction is suspension from the practice of law for a period of three years, as recommended by the Hearing Panel (*see, Matter of Markovitch*, 218 AD2d 180). While respondent was not the creator of the fraudulent scheme, his own false certifications of fact in documents filed with a federal agency warrant a substantial sanction.

Accordingly, in light of the foregoing, the petition should be granted, the Hearing Panel's findings of fact and conclusions of law and its recommended sanction confirmed and respondent suspended from the practice of law for a period of three years.

ROSENBERGER, J. P., ELLERIN, WALLACH, RUBIN and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective June 1, 2001, and until the further order of this Court.