In the Matter of JOSEPH D. HILL, Petitioner, v COMMITTEE ON PROFESSIONAL STANDARDS OF THIRD JUDICIAL DEPARTMENT et al., Respondents. [773 NYS2d 458]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to prohibit continuation of an investigation by respondents into petitioner's alleged violation of Judiciary Law § 90 (10).

Petitioner, an attorney, filed the instant CPLR article 78 proceeding seeking, inter alia, to enjoin respondents, both attorney disciplinary committees, from conducting any further investigation of him relating to his public disclosure of an allegedly confidential disposition of a complaint against another attorney. This imbroglio arose out of petitioner's earlier representation of a State Supreme Court Justice before the State Commission on Judicial Conduct. As that matter was nearing conclusion, petitioner issued a press release in defense of his client which made reference to the fact that an attorney, who had been involved in the Justice's judicial conduct proceedings, had himself been the recipient of a letter of caution from respondent Grievance Committee for the Ninth Judicial District (hereinafter Ninth District Committee).

Petitioner's press release was picked up by the Poughkeepsie Journal, where its contents were rebutted by Gerald Stern, then the top administrator and counsel to the State Commission on Judicial Conduct. The very same day the newspaper article was published, Stern filed a letter of complaint with respondent Committee on Professional Standards of the Third Judicial Department (hereinafter Third Department Commit-

tee) accusing petitioner of improperly disclosing the purportedly private letter of caution. This complaint precipitated a series of letters from the Third Department Committee to petitioner accusing him of violating Judiciary Law § 90 (10) by disclosing the letter of caution.

Petitioner promptly responded to each letter from the Third Department Committee, advising that the existence of the letter of caution had been brought to his attention by the subject attorney's former client, who had filed a complaint against the attorney and was thus advised of the ultimate disposition by the Ninth District Committee. Because the former client knew about the letter of caution, petitioner reasoned, there could be no prohibition against his discussing it publicly.[1] The Third Department Committee concluded that petitioner's responses to its inquiries did not fully resolve the complaint and transferred the matter to the Ninth District Committee, in part because the complained of disclosure appeared in a newspaper published in its jurisdiction.

By the instant proceeding, petitioner sought, inter alia, to end any further inquiries by either committee, contested the jurisdiction of the Ninth District Committee over him since he lives, works and issued the subject press release from his office in the City of Kingston, Ulster County, in the Third Judicial Department and challenged the constitutionality of Judiciary Law § 90 (10). Supreme Court declined to find Judiciary Law § 90 (10) unconstitutional, but, in weighing petitioner's likelihood of success on the merits as part of its analysis as to whether injunctive relief was appropriate, characterized respondents' "persecution" of petitioner as "pointless," granted an injunction and transferred the matter to this Court.

Initially, we observe that the extraordinary remedy of prohibition would clearly not lie to enjoin an on-going investigation into an attorney's alleged misconduct unless the disciplinary investigation itself would subject the attorney to irreparable harm or would impermissibly infringe on constitutional rights, neither of which circumstances, we conclude, is present in the instant matter (*see Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597, 609-610 [1980]; *compare Taub v Committee on Professional Standards*, 200 AD2d 74, 77 [1994]). We further note that if petitioner sought to challenge the Third Department Committee's handling of this matter, his remedy, if

---

1. Notably, among the papers submitted in response to the petition is an affirmation from counsel to the Ninth District Committee confirming that a complainant who is advised of the issuance of a letter of caution against an attorney is *not* prohibited from disclosing the existence of the letter.

any, would have been to seek relief from this Court, which has exclusive jurisdiction over the attorney disciplinary process (*see* Judiciary Law § 90 [2]).[2]

However, since the matter is presently before us, in the interest of judicial economy, we do find that the complaint was improperly transferred to the Ninth District Committee, which was without jurisdiction since none of the complained of conduct occurred in the Second Judicial Department (*see Matter of Malone*, 105 AD2d 455, 457 [1984], *affd* 65 NY2d 772 [1985]; *see also Matter of deWindt*, 93 AD2d 507, 508-509 [1983], *appeal dismissed* 60 NY2d 612 [1983]). The record further indicates that the Third Department Committee has closed its file in the matter, a disposition which, under the circumstances presented, we find appropriate.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the petition is granted, without costs, to the extent that it seeks to prohibit respondent Grievance Committee for the Ninth Judicial District from further inquiry into this matter, and in all other respects denied.

---

2. We note, for example, that an attorney aggrieved by the Third Department Committee's investigation may apply to this Court for a protective order (*see* 22 NYCRR 806.4 [d]).