[940 NYS2d 85]

In the Matter of IHAB HUSSAM TARTIR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 7, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Joseph Giarmita*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated February 6, 2009 (2009 NY Slip Op 63116[U]), this Court immediately suspended the respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f), based on his conviction of a serious crime, and directed the respondent to immediately apprise the Court upon being sentenced. By letter dated June 18, 2009, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) submitted to the Court a certificate of criminal disposition, provided by the respondent's counsel, indicating that the respondent was sentenced on February 13, 2009. By decision and order on motion of this Court dated October 7, 2009 (2009 NY Slip Op 85281[U]), this Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based on his conviction of a serious crime and directed it to file and serve a petition, directed the respondent to submit an answer to the petition, and referred the issues raised to the Honorable George Friedman, as Special Referee to hear and report.

The Grievance Committee served the respondent with a petition dated April 13, 2010, containing a single charge of professional misconduct. Following a preliminary hearing on June 23, 2010, and a hearing on October 19, 2010, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and appropriate. The respondent cross-moves to disaffirm the report, arguing that he was not convicted of a serious crime. He contends that the appropriate discipline in this case is a term suspension from the practice of law, rather than disbarment.

Charge one alleges that the respondent is guilty of professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3 [a] [3], [4], [7]), in that, on October 14, 2008, he was convicted, after a jury trial, in the United States District Court, Southern District of New York, of one count of marriage fraud for the purpose of evading the immigration laws, in violation of 8 USC § 1325 (c), and (2) conspiracy to commit that crime, in violation of 18 USC § 371 (two counts).

On February 13, 2009, the respondent was sentenced to 24 months of imprisonment, to run concurrently on each of counts

one, two, and three, for a total term of 24 months, to be followed by three years of supervised release. He was fined the sum of $40,000, to be paid in monthly installments of 15% of his gross monthly income, to commence 30 days after his release from custody. He was also assessed a fee of $300, payable immediately.

Based on the uncontroverted facts and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

There is no merit to the respondent's contention that he was not convicted of a serious crime (see 22 NYCRR 691.7 [b]; Matter of Siwulec, 113 AD2d 250 [1985]). Accordingly, the respondent's cross motion is denied.

The respondent has no prior disciplinary history.

In mitigation, the respondent testified that he had been sufficiently punished, having been incarcerated. He asks the Court to consider the fact that, as a result of his language skills, he is one of a handful of attorneys who can provide legal services to the Arab community, and that revoking his law license hurts not only him, but his family, which depends on him for support, and the Arab community.

Notwithstanding the respondent's expressed remorse and his lack of a prior disciplinary history, the respondent was convicted of multiple counts of fraud, and there was evidence that there were other instances of similar misconduct in the past. It should be noted that the trial court remarked that the respondent perjured himself several times at trial and showed no remorse.

Under the totality of circumstances, effective immediately, the respondent is suspended from the practice of law for a period of five years.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Ihab Hussam Tartir, is suspended from the practice of law for a period of five years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 24, 2017. In such application, the respondent shall furnish satisfactory proof that (1) during the said period, he

refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Ihab Hussam Tartir, shall promptly continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Ihab Hussam Tartir, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ihab Hussam Tartir, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).