Matter of Thomas (2022 NY Slip Op 07240)

Matter of Thomas

2022 NY Slip Op 07240

Decided on December 21, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2022-08547

[*1]In the Matter of Alvin J. Thomas, admitted as Alvin James Thomas, an attorney and counselor-at-law, respondent. (Attorney Registration No. 3937224)

APPLICATION pursuant to 22 NYCRR 1240.10 by Alvin J. Thomas, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 2001, under the name Alvin James Thomas, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Richard E. Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Alvin J. Thomas, admitted as Alvin James Thomas, has submitted an affidavit sworn to on October 17, 2022, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of two investigations by the Grievance Committee for the Ninth Judicial District, involving willful misappropriation of client funds in the amount of $50,000 held on behalf of Afsana Chowdhury and $188,000 held on behalf of Oluwaleke Osinubi, making cash withdrawals from his escrow account, and failing to maintain required bookkeeping records for his escrow account. The respondent further admits that there may be more client funds misappropriated or misapplied because he has not done a complete accounting of his escrow account. The respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Osinubi in the amount of $73,000 and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund awards Osinubi or any other individuals who filed or may file claims against him. The respondent further acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund, and he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign substantially complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the application of the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Oluwaleke Osinubi; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Oluwaleke Osinubi, the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, shall make monetary restitution to Oluwaleke Osinubi in the amount of $73,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that a partial award has been made by the Lawyers' Fund for Client Protection of the State of New York to Oluwaleke Osinubi, the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, shall make partial restitution to that individual to the extent that Oluwaleke Osinubi has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Alvin J. Thomas, admitted as Alvin James Thomas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court