Matter of Markovitch (2024 NY Slip Op 03139)

Matter of Markovitch

2024 NY Slip Op 03139

Decided on June 11, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Peter H. Moulton
Saliann Scarpulla
Martin Shulman
Marsha D. Michael, JJ.

Motion No. 2024-00947 Case No. 2024-01112 

[*1]In the Matter of Michael Markovitch, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Markovitch (OCA ATTY. REG. NO. 1815570), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Markovitch, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 17, 1982.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Remi Shea, of counsel), for petitioner.
Howard Benjamin, Esq., for respondent.

PER CURIAM 

Respondent Michael Markovitch was admitted to the practice of law in the State of New York by the Second Judicial Department on February 17, 1982. At all times
relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By decision and order entered February 1, 1996, this Court suspended respondent from the practice of law for four years, effective July 17, 1993, and until further order of the Court (see Matter of Markovitch, 218 AD2d 180 [1st Dept 1996]). The suspension was based on respondent's July 1992 federal felony conviction for conspiracy to commit immigration fraud. By order entered September 26, 2000, respondent's application for reinstatement was denied. He remains suspended.
Respondent now moves for an order accepting his resignation as an attorney licensed to practice in the State of New York, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. The Attorney Grievance Committee (AGC) does not oppose.
In support of his application, respondent submitted his affidavit of resignation,
sworn to December 22, 2023, which substantially conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.[FN1] Respondent attests that he is currently the subject of an investigation being conducted by the AGC involving allegations of professional misconduct on his part. Specifically, while suspended, respondent owned two document preparation companies, Divorce Filers and Immigration Filers (the companies), located in New York City. Both companies were nonlawyer document preparation services for individuals who did not desire legal representation. Respondent employed a nonlawyer as the Case Coordinator Manager (the manager) who was primarily responsible for document preparation and client communication. Respondent failed to adequately supervise the manager. As a result, unbeknownst to him, the manager at times informed clients that respondent was an attorney associated with the companies. When clients asked to speak with respondent, the manager informed them that respondent was in court. The websites for both companies noted that neither company provided legal advice or counsel. Neither company is taking new business and the websites for both have been removed from the internet.
Respondent further attests: (1) he cannot successfully defend against the allegations described herein; (2) his resignation [*2]is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law; and (3) the investigation does not include allegations that he willfully misappropriated or misapplied money or property in the practice of law. Respondent also acknowledges his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order under Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent understands that, should the Court accept his resignation, the order resulting from his application and the records and documents filed in relation to the above allegations, including his affidavit, shall be deemed public records in accordance with Judiciary Law § 90(10).
The AGC does not oppose respondent's resignation application since his supporting affidavit contains the requisite admissions and acknowledgments.
As respondent's affidavit substantially conforms with 22 NYCRR 1240.10, the Court accepts his resignation (see e.g. Matter of Larsen, 179 AD3d 84 [1st Dept 2019]; see also Matter of Thomas, 212 AD3d 61, 63 [2d Dept 2022]).
Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 22, 2023, the date of respondent's affidavit of resignation.
All concur.
It is Ordered that the application of respondent, Michael Markovitch, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 22, 2023, and
It is further Ordered that pursuant to Judiciary Law § 90, effective immediately, respondent Michael Markovitch, is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Michael Markovitch, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Michael Markovitch, has been issued a secure pass by [*3]the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: June 11, 2024

Footnotes

Footnote 1: As respondent has been suspended since July 1993 and his affidavit substantially complies with the requirements of 22 NYCRR 1240.10, we do not find the omissions in his affidavit that, among other things, respondent will not represent new clients or accept any retainers for legal services in the future, warrant denial of his motion.