In the Matter of DAVID I. MICHAELSON, An Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 2, 1954.

*Frank H. Gordon* for petitioner.

*David I. Michaelson,* respondent in person.

*Per Curiam.* Two petitions charging professional misconduct were filed against respondent. Upon the original charge, the Official Referee appointed to take testimony in regard thereto and to report the same with his opinion, filed a report in which he found respondent guilty of grave professional misconduct in the conversion of a check for $2,367. Although the sum converted was eventually repaid, that was done only after an entry of judgment therefor against the respondent and his indictment by the New York County Grand Jury. The indictment growing out of the conversion charged respondent with grand larceny, but he was permitted to plead guilty to petit larceny, sentence was suspended and respondent was placed on probation.

While the report of the Official Referee on the original charge was under consideration by this court, supplemental charges, two in number, were filed against respondent. The Official Referee has reported that in his opinion the first supplementary charge has not been sustained, but that the second supple-

mentary charge was sustained. The determination of the first supplemental charge involved the question of credibility of witnesses and we are not disposed to interfere with the conclusion of the Official Referee who had the opportunity to hear and observe witnesses. The second supplemental charge involved the issuance of a large number of worthless checks, some of which were issued during the pendency in the criminal court of the larceny charge growing out of the conversion. The Official Referee's report points out that there is no claim that anyone has been defrauded or sustained any loss in connection with these checks. The record establishes, however, that respondent habitually and knowingly issued bad checks during the period in review.

On the entire record the respondent should be disbarred.

PECK, P. J., DORE, CALLAHAN, BREITEL and BERGAN, JJ., concur.

Respondent disbarred.