In the Matter of MORRIS SOMERS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 20, 1976

*John G. Bonomi* of counsel *(Ralph V. Caputo* with him on the brief), for petitioner.

*Joseph F. Finkelstein* of counsel *(Jacob H. Weinstock,* attorney), for respondent.

*Per Curiam.* Petitioner moves to confirm in part and to disaffirm in part the supplemental report of the Referee to whom charges of professional misconduct against respondent, who was admitted to practice in the First Judicial Department on December 13, 1926, were resubmitted following modification of our previously entered order of disbarment (see *Matter of Somers,* 46 AD2d 517 and 47 AD2d 882).

On the resubmission the Referee sustained one charge alleging, in substance, that respondent accepted a fee to represent a client but failed to take any effective steps in his behalf or to return the unearned fee, refused to sustain a similar charge in a second case and sustained two charges asserting that respondent failed to co-operate with the petitioner in the investigation of both matters.

Petitioner requests us to disaffirm the charge not sustained as contrary to the full weight of the credible evidence. However, since the prime issue on this charge depends on the credibility of the witnesses, we give great weight to the findings of the Referee, who had the first-hand opportunity to judge them and to evaluate the testimony adduced. The Referee's findings, which are fully supported by the record, are in all respects confirmed.

Respondent concedes, in essence, the substance of the charges alleging a failure to co-operate with petitioner's investigations of the lodged complaints. In mitigation he alleges a disturbing number of personal misfortunes which resulted in "a deep-seated emotional disturbance" preventing him from responding to the charges initially. We have given due consideration to the mitigating factors, but must nevertheless note that this is not the first time respondent was disciplined by this court or failed to co-operate with petitioner's Committee

On Grievances. *(Matter of Somers,* 12 AD2d 9; *Matter of Somers,* 22 AD2d 325.)

Under all of the circumstances presented, we have determined that respondent should be suspended for a period of five years and until the further order of this court.

MURPHY, J. P., LUPIANO, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law for a period of five years, effective February 20, 1976.