■ In the Matter of BEATRICE WALDMAN, Appellant, v LARRY S. WALDMAN, Respondent.—In a proceeding for the enforcement of a support order, the appeal (by permission) is from so much of an order of the Family Court, Rockland County (Stanger, J.), dated May 7, 1985, as amended May 13, 1985, as, *inter alia,* granted the respondent's motion to disqualify the petitioner's attorney unless the petitioner reimbursed her attorney within 60 days for all moneys advanced by her attorney to her "in the nature of loans * * * not related to court fees and expenses".

Order, as amended, affirmed, insofar as appealed from, without costs or disbursements. The petitioner's time to reimburse her attorney for all moneys advanced to her by him is extended until 60 days after service upon her of a copy of the order to be made hereon, with notice of entry.

The petitioner obtained a support order from the Family Court, Rockland County, in January 1984, directing the respondent to pay support to her and her children. Pursuant to a settlement, the respondent agreed to pay the petitioner the sum of $23,000, but only paid $5,000. Thereafter, the petitioner's attorney, who had already been retained in the Family Court proceeding, advanced sums of money to the petitioner so that she could pay an automobile insurance premium and certain mortgage payments and thereby prevent cancellation of her automobile insurance and foreclosure of the mortgage on her home. These loans served as the basis for the respondent's motion to disqualify the petitioner's attorney.

There is nothing in the record to indicate that the advances of money by the petitioner's attorney to the petitioner were motivated by anything other than her attorney's genuine concern for his client's financial plight; indeed, these particular advances of money apparently would have been proper under the former Canons of Ethics *(see,* Opns of Comm on Professional Ethics of Assn of Bar of City of NY, No. 391, Nov. 10, 1936; *cf. Louisiana State Bar Assn. v Edwins,* 329 So 2d 437 [La]). Nevertheless, these advances of money by the petitioner's attorney to the petitioner do violate presently applicable Code of Professional Responsibility, DR 5-103 (B). That section provides that "[w]hile representing a client in connection with * * * pending litigation, a lawyer shall not advance * * * financial assistance to his client".

Accordingly, the Family Court did not abuse its discretion in conditionally granting the respondent's motion to disqualify the petitioner's attorney *(see, Matter of Erlanger [Erlanger],* 20

NY2d 778, 779; *Matter of Huie [Gottfried],* 2 AD2d 163, 165). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.