430

In the Matter of MELVIN SMITH, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, May 15, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Leslie S. Evans* of counsel), for petitioner.

*Donald E. Humphrey* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on October 20, 1954.

In this proceeding the respondent was charged with six allegations of professional misconduct. Charges three, four and six were withdrawn by the petitioner after the close of the hearing.

Charge one alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and conduct adversely reflecting on his fitness to practice law, in that, after he was retained to bring an appeal to the Appellate Division, Third Department, regarding an unfavorable child custody decision, the appeal was never perfected. Nevertheless, from October 1979 until May 1981 the respondent, on numerous occasions, falsely responded to the inquiries of his client regarding the status of the appeal. In May 1981, respondent falsely informed his client that the Appellate Division had unanimously affirmed the Family Court decision without opinion.

Charge two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law in that he conditioned the settlement of an action for legal fees upon the withdrawal of the complaint to the Grievance Committee by the client. Respondent had commenced an action to recover payment for legal services rendered in the amount of $12,908.04 against the above-mentioned client and her former husband, and in June 1986 the respondent and the clients entered into a stipulation settling the suit. Among the terms and conditions stipulated was (1) payment by the clients to respondent of $3,000 in full satisfaction of the respondent's claim for legal fees, and (2) withdrawal of the complaint against the respondent which concerned the fabricated appeal alluded to in charge one.

Charge five alleged that the respondent improperly made a personal loan to his client during the course of his representation of her.

It is also noted that between 1979 and 1983 the respondent received four letters of caution, respectively, for the improper use of the term "specialist", for conduct arising out of a fee dispute, for client neglect, and for failure to return escrow funds. Further, on June 4, 1984, this court censured the respondent for misconduct involving his failure to notify his ex-wife, a tenant-in-common, of the sale of real property (see, Matter of Smith, 102 AD2d 57).

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining charges one,

two and five, and find the respondent guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee insofar as it sustained charges two and five, is denied.

In determining an appropriate measure of discipline to be imposed, this court is cognizant of the prior professional misconduct as outlined above. Accordingly, the respondent should be suspended from the practice of law for a period of three years commencing June 15, 1989, and continuing until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee to the extent it sustained charges two and five is denied; and it is further,

Ordered that the respondent Melvin Smith is hereby suspended from the practice of law for a period of three years, commencing June 15, 1989, and continuing until the further order of this court with leave to the respondent to apply for reinstatement after the expiration of the period of three years upon furnishing satisfactory proof, (a) that during that period he refrained from practicing law or attempting to practice as an attorney and counselor-at-law; (b) that he has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended or resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Melvin Smith is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.