(March 19, 1990)

■ In the Matter of PHILLIP S. ARENSBERG, STEPHEN J. ARLINGTON and JOSEPH B. CARR, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent Phillip S. Arensberg was admitted to the Bar by this court in 1968; respondents Stephen J. Arlington and Joseph B. Carr were both admitted in 1976. Respondents are members of a law firm practicing in the City of Albany.

Petitioner commenced this proceeding charging respondents with advancing financial assistance to clients in violation of Code of Professional Responsibility DR 5-103 (B) and Judiciary Law § 488 (2). The petition contains one charge of misconduct which alleged that in representing clients in personal injury actions, respondents improperly advanced funds to such clients. It was also alleged that the practice of making such advances continued despite a letter of caution issued to Arlington and Arensberg, as well as another member of their firm, in November 1984. DR 5-103 (B) states in pertinent part that: "While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client".

Judiciary Law § 488 (2) prohibits an attorney from promising "valuable consideration to any person, as an inducement to placing * * * [an action] in his hands". In their answer, although respondents denied they were guilty of professional misconduct, they did admit the factual allegations set forth in the petition. They claimed that their conduct did not cause them to obtain any proprietary interest in their clients' cases and that any sums paid to clients were interest free and were not repaid in the event of an unsuccessful result in a case. They also alleged that they did not cause damage to their clients and that the alleged conduct was pervasive in personal injury cases in New York. A hearing was held after which the Referee determined that respondents had violated DR 5-103 (B); however, the Referee found no violation of Judiciary Law

§ 488 (2). Petitioner has now moved to confirm the Referee's report.*

Upon our review of the record, we agree with the Referee's conclusion that respondents violated DR 5-103 (B). Respondents did not deny the petition's factual allegations nor do they dispute the Referee's factual findings. Although DR 5-103 (B) permits an attorney to advance the costs of litigation such as court costs and the costs of medical examinations, it specifically prohibits any other forms of "financial assistance" to a client. Here, respondents admittedly were advancing funds to clients in addition to litigation expenses and were in fact aiding such clients in meeting personal financial obligations. The Committee on Professional Ethics of the State Bar Association has specifically stated that, in view of DR 5-103 (B), an attorney may not "lend funds to a client for living expenses" (1983 NY St Bar Assn Ethics Opn 553; *see also,* 1977 NY St Bar Assn Ethics Opn 464; 1968 NY St Bar Assn Ethics Opn 37 [a]). Courts have also recognized that such advances are prohibited under DR 5-103 (B) *(see, Matter of Smith,* 146 AD2d 430; *Matter of Waldman v Waldman,* 118 AD2d 577). Respondents were therefore properly determined to be in violation of DR 5-103 (B).

As to the measure of discipline, we note that although Arensberg and Arlington had previously been sent a letter of caution in November 1984 with respect to their making of such advances, they continued to engage in this conduct. Additionally, the fact that other firms also made such advances is no excuse, especially in view of the cautionary letter specifically pointing to DR 5-103 (B) as well as one of the State Bar Association's ethics opinions *(see,* 1970 NY St Bar Assn Ethics Opn 133). Under the circumstances, it is our view that Arensberg and Arlington should be censured for their misconduct. However, we reach a different conclusion with respect to Carr since it appears that he was not aware of the 1984 letter of caution until after this disciplinary proceeding was commenced, and while it was he who signed checks advancing sums of money to clients, he was under instructions to do so and never initiated any of the advances made.

Report of Referee confirmed and respondents Phillip S. Arensberg and Stephen J. Arlington censured. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* Petitioner does not contest the Referee's decision with respect to Judiciary Law § 488 (2). In any event, we agree with the Referee's conclusion on this point.