[727 NYS2d 229]

In the Matter of MICHAEL G. DWYER, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2001

**APPEARANCES OF COUNSEL**

*Kathleen Boyd,* Buffalo, for petitioner.

*Sullivan, Oliverio & Gioia, L. L. P.,* Buffalo (*Richard T. Sullivan* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the

Second Department on October 31, 1984, and maintains an office for the practice of law in Tonawanda. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his representation of a client in post-divorce proceedings. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm.

The Referee found that respondent falsely represented to a Bankruptcy Judge that his client was terminally ill; that the misrepresentation induced the Judge to order a distribution of marital assets in the amount of $10,000 to respondent's client; and that respondent failed to advise his client of the distribution and converted the funds.

Respondent admitted that he advised the Judge that his client was terminally ill and that he failed to distribute the funds to the client. He testified that the client told him that she was terminally ill and that, at the time that he received the funds, the client owed him at least that sum in legal fees. He further testified that he applied the funds toward his fee with the client's knowledge and consent.

The findings of the Referee indicate that he resolved disputed issues against respondent involving the credibility of witnesses. When the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a Referee's findings are entitled to great weight (see, Matter of Somers, 50 AD2d 396; Matter of Michaelson, 283 App Div 281, 282).

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [former (8)])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client promptly of the receipt of funds in which the client has an interest;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into his possession and render appropriate accounts to the client regarding them;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts; and

DR 9-102 (j) (22 NYCRR 1200.46 [j] [former (i)])—failing to produce required bookkeeping records in response to a notice issued by the Grievance Committee.

We have considered the matters submitted by respondent in mitigation. We note, however, that the Referee implicitly found that respondent testified falsely at the hearing. Additionally, respondent previously received a Letter of Admonition for, among other things, misrepresenting the status of a lawsuit to a client. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court.

GREEN, J. P., PINE, HAYES, WISNER and SCUDDER, JJ., concur.

Order of suspension entered.