[796 NYS2d 765]

In the Matter of ROBBIE LEE BILLINGSLEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 10, 2005

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David Gerald Jay*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 29, 1989, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her representation of a client in a criminal matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm in part, and respondent cross-moves to confirm.

The Referee found that during a trial, respondent made inappropriate facial expressions and engaged in inappropriate behavior in the presence of the jury. The Referee declined to find, however, that respondent made a false statement to the trial court, citing conflicting testimony on that issue. We note that, when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight (see *Matter of Dwyer*, 285 AD2d 133, 134 [2001]; *see also Matter of Cohn*, 194 AD2d 987, 990 [1993]; *Matter of Somers*, 50 AD2d 396 [1976]; *Matter of Michaelson*, 283 App Div 281, 282 [1954]).

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer.

We have considered, in mitigation, the numerous letters received by this Court attesting to the good character of respondent. Additionally, we note that respondent previously had an unblemished record and has expressed remorse for her misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of censure entered.