[798 NYS2d 600]

In the Matter of Ross M. CELLINO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 10, 2005

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella, Deputy Chief Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, and *Richard T. Sullivan*, Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondents, Ross M. Cellino and Stephen E. Barnes, are sole shareholders and owners of Cellino and Barnes, a professional corporation, and maintain offices for the practice of law in Buffalo and Rochester. Respondents practice exclusively in the area of personal injury law. The Grievance Committee filed a petition and supplemental petition charging respondents with advancing financial assistance to clients that was unrelated to the expenses of litigation and with other misconduct.

Respondents filed an answer and supplemental answer denying material allegations of fact, and a referee was appointed to conduct a hearing. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm. Respondents cross-move to vacate the findings of the Referee and to dismiss the petition and supplemental petition. We confirm the findings of the Referee with certain exceptions discussed below.

We agree with the Referee that in three instances the conduct of respondents violated Code of Professional Responsibility DR 5-103 (b) (22 NYCRR 1200.22 [b]). Pursuant to that rule, while representing a client in connection with contemplated or pending litigation, a lawyer is prohibited from advancing or guaranteeing financial assistance to the client beyond the expenses of litigation. The Referee found that in 1997 respondents agreed to pay the expenses of litigation on behalf of a client in order to induce the client to retain them and evidenced that agreement by crossing out preprinted language on a standard retainer agreement that recited the client's obligation to pay costs and disbursements. The Referee rejected the testimony of respondents that they had merely agreed to reduce their standard fee by the amount of expenses and that they did not agree to absolve the client of the ultimate responsibility to pay expenses in the event that no recovery was obtained in the personal injury lawsuit and he concluded that their conduct violated the above rule. The Referee further found that, pursuant to a Court rule that has since been repealed (22 NYCRR 1022.2 [b]), respondent Cellino filed a retainer statement with the Office of Court Administration that did not accurately reflect the parties' agreement regarding compensation. The Referee, in making

that finding, did not credit the testimony of respondent Cellino that he had inadvertently signed a preprinted retainer statement.

As this Court has previously noted, when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight (*see Matter of Dwyer*, 285 AD2d 133, 134 [2001]; *see also Matter of Cohn*, 194 AD2d 987, 990 [1993]; *Matter of Somers*, 50 AD2d 396 [1976]; *Matter of Michaelson*, 283 App Div 281, 282 [1954]). The findings of the Referee are supported by the record, and we therefore decline to disturb them.

The Referee also found that, during a five-month period in 1994, respondents extended loans in amounts between $500 and $4,000 to eight clients through a company that they owned, and he concluded that they thereby violated DR 5-103 (b). The Referee further found that, between the years 1994 and 1999, respondents circumvented that rule by arranging for the establishment and funding of a company owned by respondent Cellino's cousin in order to continue their practice of extending loans to clients, thereby violating Code of Professional Responsibility DR 1-102 (a) (2) (22 NYCRR 1200.3 [a] [2]). Additionally, the Referee found that respondents failed to disclose to borrowers that they owned one of the companies extending the loans and had a financial interest in the other, thereby violating Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]).

Respondents admit that they extended loans to existing clients through their company and submit that they did so as a service to their clients to enable the clients to satisfy their financial obligations pending resolution of their personal injury lawsuits. They submit that, when they became aware that their conduct violated the disciplinary rules, they ceased their practice of loaning money to clients and referred clients to companies that were in the business of extending loans to plaintiffs in personal injury matters, including the company owned by respondent Cellino's cousin.

We confirm the Referee's findings that respondents arranged for the establishment of, funded and controlled the company owned by respondent Cellino's cousin and that they did so in order to continue loaning money to clients. By doing so, they circumvented DR 5-103 (b) and, consequently, violated DR 1-102 (a) (2). Additionally, by failing to make the required disclosures to clients regarding their involvement in the two companies and

by failing to obtain the consent of the clients, respondents violated DR 5-101 (a).

We reject, however, the conclusion of the Referee that respondents, by loaning money to clients through a company that they owned, have directly violated DR 5-103 (b). We conclude instead that, by extending loans to clients through their own company, respondents violated DR 1-102 (a) (2) by circumventing DR 5-103 (b).

Additionally, respondents admit and the Referee found that, during the course of their representation of parents in an action for damages for personal injuries sustained by their son, respondents advanced to the parents financial assistance unrelated to the expenses of litigation, in violation of DR 5-103 (b). We note, however, that most of the monetary advances were for expenses associated with nursing care and rehabilitation for the clients' son, who had sustained a severe brain injury. Respondents maintained records of the medical expenses and listed each expense in a petition submitted to the trial court and subsequently approved in a proceeding pursuant to CPLR article 12.

The Referee further found that respondents misled the parents regarding the employment and payment of outside counsel. We disagree. The record establishes that respondent Cellino suggested to the parents that the retainer agreement be amended to provide that the parents pay a portion of the fees for outside counsel and, when the parents refused, the matter was not pursued by respondents. We therefore reject the findings of the Referee that respondents misled the clients regarding the employment and payment of outside counsel.

Further, the Referee found that respondent Barnes sent a letter to a hospitalized surgical patient and concluded that such conduct was an impermissible solicitation of legal employment in violation of Code of Professional Responsibility DR 2-103 (a) (2) (iv) (22 NYCRR 1200.8 [a] [2] [iv]). DR 2-103 (a) (2) (iv) prohibits a lawyer from soliciting professional employment from a prospective client by written communication if "the lawyer knows or reasonably should know that the . . . physical, emotional or mental state of the recipient make it unlikely that the recipient will be able to exercise reasonable judgment in retaining an attorney . . . ." There is an absence of proof that the hospitalized surgical patient was unable to exercise reasonable judgment in retaining an attorney or that respondent Barnes had reason to conclude that the patient had been rendered

incapable of exercising such judgment by virtue of her condition (*cf. Matter of Shapiro*, 7 AD3d 120 [2004]).

Finally, the Referee found that respondent Barnes, prior to the enactment of the disciplinary rule concerning solicitation, sent a letter to a hospitalized accident victim when he knew or should have known that the victim was unable to exercise reasonable judgment in retaining an attorney. Similarly, we find insufficient proof in the record of the condition of the hospitalized accident victim on the date that the letter was sent. Consequently, we reject the findings of the Referee concerning both solicitation letters.

We conclude that respondents have violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (2) (22 NYCRR 1200.3 [a] [2])—circumventing a disciplinary rule through actions of another;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (former [8]) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on their fitness as lawyers;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by their own financial interests;

DR 5-103 (b) (22 NYCRR 1200.22 [b])—advancing or guaranteeing financial assistance to a client while representing the client in connection with contemplated or pending litigation when the client is not indigent and the financial assistance does not constitute the expenses of litigation for which the client remains ultimately liable; and

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects them to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining the consent of the client to those terms and to their inherent conflict of interest in the transaction.

We conclude that, by filing the false retainer statement, respondent Cellino has committed the following additional violations of the Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

In determining an appropriate sanction, we note that the primary concern in disciplinary proceedings is the protection of the public (see Matter of Dondi, 63 NY2d 331, 339-340 [1984]; Matter of Nearing, 16 AD2d 516, 518 [1962]). As stated in Nearing (16 AD2d at 518):

> "It is not a punishment for breaches committed, but an effort to see to it that the public will not again be exposed to like or similar infractions. To accomplish this end, an appraisal of the character of the offender is the true guide, but the nature, seriousness and surrounding circumstances of his offense are most significant factors as indicia of what may be expected in the future. The attorney's attitude toward the obligations and duties implicit in taking the oath of office as an attorney is probably the most decisive factor in reaching a determination."

To that end, we have considered the findings of the Referee and we note that respondents fully cooperated with the investigation conducted by the Grievance Committee. The record before this Court reveals that after more than 20 years in the practice of law, respondent Cellino has an unblemished record and respondent Barnes has received one letter of caution. The hearing testimony of eight character witnesses, all respected members of the bench and bar, demonstrates that respondents are competent trial attorneys who have represented clients effectively and have obtained favorable results on their behalf. Additionally, we have considered the absence of harm to any client as a result of respondents' misconduct. We note that respondents extended loans only to existing clients; they did not extend loans to induce clients to retain them. In addition, we note that respondents ceased their practice of extending loans to clients after consulting with counsel. Accordingly, after consideration of all of the factors in this matter, we conclude that censure is the appropriate measure of discipline for respon-

dent Barnes and that respondent Cellino should be suspended for a period of six months and until further order of the Court.

Scudder, J.P., Gorski, Smith, Pine and Hayes, JJ., concur.

Order of suspension entered.