[818 NYS2d 367]

In the Matter of LISA L. MITCHELL, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 9, 2006

APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 16, 1995, and maintains an office for the practice of law in Amherst. The Grievance Committee filed a petition charging respondent with misconduct, including conversion, commingling, failure to maintain required bookkeeping records and failure to cooperate with the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm. Respondent cross-moves to vacate in part the Referee's report and to dismiss the first and third charges of the petition.

The Referee found that, for a two-year period, respondent allowed the balance in her trust account to fall below the amount of her clients' interests. Additionally, the Referee found that respondent deposited personal funds and fees into the trust account, issued checks drawn against the account made payable to cash and to her mother, and failed to maintain required bookkeeping records and to produce those records at the request of the Grievance Committee. Finally, the Referee found that respondent accepted the sum of $9,000 in cash on behalf of a real estate client and deposited the funds into her trust account. After making certain disbursements related to the real estate transaction, she failed to maintain the balance of the funds in the account, i.e., the sum of $7,350, and, after she was discharged by the client, she failed to return the funds to him. The Referee found that, during the time period in which respondent should have maintained funds in her trust account for that client, she issued a trust account check made payable to cash in order to purchase a house. Respondent testified that the real estate client owed her legal fees in an amount in excess of $5,000 and that she therefore did not owe him the sum of $7,350 at the time that she issued the trust account check for the real estate purchase. The Referee did not credit that testimony, however, and declined to find that the withdrawal of funds was authorized by the client as payment for legal fees. ''[W]hen the

resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight" (*Matter of Cellino*, 21 AD3d 229, 231 [2005]). Consequently, the Grievance Committee's motion is granted, and respondent's cross motion is denied.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from her business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify special bank accounts in a proper manner;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts; and

DR 9-102 (i), (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to the Grievance Committee financial records required to be maintained by the Disciplinary Rules.

We have considered, in mitigation, the finding of the Referee that respondent presented uncontroverted evidence regarding her good character and reputation. Additionally, we note that respondent previously had an unblemished record and that respondent has sought the advice of counsel with respect to the rules for trust accounts. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court. Additionally, we direct respondent to make restitution in accordance with the order entered herewith.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of suspension entered.