[840 NYS2d 847]

In the Matter of JAMES J. MORAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 2007

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Harris Beach LLP*, Pittsford (*Philip G. Spellane* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court cn September 12, 1973, and, at all times relevant to this proceeding, maintained an office for the practice of law in Rochester. The Grievance Committee filed a petition and a supplemental petition, charging respondent with acts of misconduct, including advancing financial assistance unrelated to the expenses of litigation to clients through intermediaries for a period of more than eight years. Respondent filed answers denying material allegations of the petition and supplemental petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm and respondent cross-moves to vacate. We confirm the findings of the Referee with the exceptions set forth herein.

The Referee found that respondent extended loans to clients both directly and through intermediaries and engaged in deceptive and dishonest conduct in order to conceal from the clients and from others that he was the source of the loans. The conduct at issue included failing to disclose his role as lender to his clients or to attorneys employed by him; failing to report as income on his state and federal income tax returns interest that he earned on the loans; failing to disclose to a bankruptcy trustee the existence of loans to a client that he represented in an unrelated matter; failing to disclose in closing statements filed with the Office of Court Administration the fact that settlement funds were encumbered by liens in his favor; and creating form promissory notes for loans that identified intermediaries as the source of the loans.

Respondent admitted that, between the years 1997 and 2005, he funded through intermediaries more than 200 loans to his clients in a total amount in excess of $700,000. He conceded that he did so with knowledge that such conduct was prohibited by the disciplinary rules but he stated that he provided the financial assistance so that his clients would not be required to borrow funds from lending companies at exorbitant rates of interest. We agree with the conclusion of the Referee that, by loaning money to clients through intermediaries, respondent circumvented Code of Professional Responsibility DR 5-103 (b) (22 NYCRR 1200.22 [b]), which prohibits a lawyer, while

representing a client in connection with contemplated or pending litigation, from advancing or guaranteeing financial assistance to a client beyond the expenses of litigation, and thereby violated DR 1-102 (a) (2) (22 NYCRR 1200.3 [a] [2]). However, we reject the conclusion of the Referee that, by loaning money to his clients through intermediaries, respondent directly violated DR 5-103 (b) (see Matter of Cellino, 21 AD3d 229, 232 [2005]). Nor do we find sufficient proof in the record to support the findings of the Referee that respondent made loans directly to his clients, and we therefore reject those findings.

Additionally, the Referee found that one of the clients who obtained loans funded by respondent filed a bankruptcy petition while the action in which respondent represented him was pending. Respondent did not disclose the existence of the loans either to the bankruptcy trustee or to the attorney employed by him, to whom he had delegated the client's action. Based on respondent's failure to disclose the existence of the loans, the attorney-employee filed an affidavit in bankruptcy court falsely stating that neither he nor any member of respondent's law firm had any connection to the client's creditors.

We confirm the findings of the Referee regarding respondent's conduct in the bankruptcy matter and we note that respondent, by failing to disclose the existence of the loans to that client tainted the proceeding, which concluded without the bankruptcy trustee or the bankruptcy court's learning of the loans funded by respondent.

Respondent also admitted that he posted language on his Web site suggesting that potential clients should seek out the "best lawyer" and setting forth criteria for determining whom the "best lawyer" might be. In addition, he set forth his own credentials, including that he was a certified trial specialist. We reject the finding of the Referee that a prior letter of caution issued to respondent by the Grievance Committee constituted notice to respondent that it was improper to refer to other attorneys or to compare the quality of his services to the quality of the services of other attorneys. Nor do we agree with the conclusion of the Referee that respondent, in posting such language, engaged in misleading conduct and conduct involving misrepresentation. We conclude that the posted language contained no demonstrably false information and was, at most, constitutionally protected hyperbole (see Matter of Shapiro, 225 AD2d 215, 216 [1996]). We agree with the Referee's conclusion, however, that respondent violated DR 2-105 (c) (22 NYCRR

1200.10 [c]) by referring to himself as a certified trial specialist without including the disclaimer required by that disciplinary rule.

Respondent further admitted that he posted information concerning a confidential investigation being conducted by the Grievance Committee into alleged misconduct by a rival personal injury firm and that he included a link to a newspaper article concerning that investigation. The Referee concluded with respect to the language concerning the rival law firm that respondent had engaged in deceitful and misleading conduct by posting the information to suggest or imply an affiliation between respondent and the other firm. We cannot agree with that conclusion. We conclude, however, that as a lawyer, respondent knew or should have known that disciplinary investigations are confidential. Consequently, we conclude that, by posting on his website information concerning a confidential investigation into the conduct of a rival law firm, respondent engaged in conduct that was prejudicial to the administration of justice and that adversely reflected on his fitness as a lawyer, in violation of DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (2) (22 NYCRR 1200.3 [a] [2])—circumventing a disciplinary rule through actions of another;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (b) (22 NYCRR 1200.5 [b])—failing to make reasonable efforts to ensure that a lawyer over whom he has direct supervisory authority conforms to the disciplinary rules;

DR 2-105 (c) (1) (22 NYCRR 1200.10 [c] [1])—stating that he has been recognized or certified as a specialist in a particular area of law or law practice by a private organization without identifying the certifying private organization and including the required disclaimer; and

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on

behalf of the client will be or reasonably may be affected by his own financial interests.

We have considered the findings in mitigation made by the Referee, including the absence of harm to any client as a result of the misconduct of respondent, his cooperation with the Grievance Committee's investigation, and his statement that he funded loans to his clients as a service to them. We conclude, however, that the aggravating factors present in this matter far outweigh any mitigating factors. The prohibition against financial assistance by lawyers to clients for expenses unrelated to litigation is well established (*see Cellino*, 21 AD3d at 232-233; *Matter of Arensberg*, 159 AD2d 797 [1990]). Respondent, with full knowledge of the prohibition, funded loans to clients for more than eight years and engaged in deceptive and deceitful conduct to conceal his role as lender. Respondent has expressed a shocking lack of remorse for his misconduct. He conceded that he loaned money through intermediaries in order to circumvent the disciplinary rules, and he continued to represent clients who had obtained loans funded by him until as late as the commencement of the hearing conducted by the Referee in this matter. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of 18 months and until further order of the Court.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.