[844 NYS2d 760]

In the Matter of MICHAEL A. YOOD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

## APPEARANCES OF COUNSEL

*Susan M. Eagan, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 28, 1990. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of a client in a Family Court matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to dismiss.

It is undisputed that respondent failed to appear at a scheduled court appearance, resulting in the entry of a default judgment against his client. The Referee found that, following the default, respondent created a fictitious letter requesting an adjournment in order to conceal the fact that he missed the scheduled court appearance. The Referee further found that respondent used the letter in an attempt to seek the intervention of the Supervising Judge of Family Court, that he submitted the letter in support of a motion to vacate the default judgment, and that, in support of that motion, he prepared and filed with the court an affidavit sworn to by his client setting forth that an adjournment had been requested in the letter.

Respondent denied that the letter was a fabrication and testified that he did not appear on the scheduled date because he believed that he had prepared and sent a letter requesting an adjournment.

The findings of the Referee indicate that he did not credit the testimony of respondent. According the findings of the Referee the great weight to which they are entitled " '[w]hen the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses' " (*Matter of Mitchell*, 32 AD3d 55, 56-57 [2006], quoting *Matter of Cellino*, 21 AD3d 229, 231 [2005]), we grant the Grievance Committee's motion and deny respondent's cross motion.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client.

We note, in determining an appropriate sanction, that the client was not harmed as a result of respondent's misconduct because Family Court granted the client's request to vacate the default judgment. Additionally, we have considered the character references submitted by respondent. Respondent, however, has committed serious misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.