[964 NYS2d 920]

In the Matter of JAN P. EGGER, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, April 26, 2013

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*David Rothenberg*, Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 10, 1976, and maintains an office in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct, including engaging in conduct involving fraud and deceit and conduct that is prejudicial to the administration of justice. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report sustaining certain charges of misconduct. The Referee found, however, that the Grievance Committee failed to establish that respondent engaged in conduct involving fraud or deceit. Respondent moves to confirm the findings of the Referee and the Grievance Committee cross-moves to confirm in part and to disaffirm the finding that respondent's conduct did not involve fraud or deceit. Respondent appeared before this Court on the return date of the motions, and he was heard in mitigation at that time.

The Referee found that, from July 2009 through February 2011, in relation to 16 assigned counsel matters, respondent submitted to Monroe County vouchers wherein he overstated the number of client interviews he had conducted in relation to each matter. The Referee further found that respondent in the vouchers additionally overstated the time he spent conducting certain client interviews. In addition, the Referee found that, during the relevant time period, respondent failed to make and keep accurate records to support his claims for compensation contained in the vouchers at issue in this matter. Although the Grievance Committee alleges that respondent engaged in fraud and deceit when he submitted the inaccurate vouchers to Monroe County, the Referee found that the incorrect vouchers were the result of respondent's inattentiveness and failure to make and keep accurate records, rather than fraud or deceit. In mitigation, the Referee found that respondent has an unblemished record after 35 years in the practice of law, has a good reputation for truth and veracity within the legal community and has a substantial record of providing pro bono legal services. The Referee additionally found that respondent cooperated with the investigation of the Grievance Committee.

The Grievance Committee, in support of its cross motion to disaffirm in part, challenges the credibility of respondent and urges this Court to conclude that the inaccurate vouchers were the result of dishonesty on the part of respondent. We reject the Grievance Committee's challenges, noting the well-settled proposition that, "when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight" (*Matter of Cellino*, 21 AD3d 229, 231 [2005]). Here, the Referee's findings are supported by the record, and we therefore decline to disturb them.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In consideration of the findings of the Referee, we decline to sustain the alleged violations of rule 8.4 (b) (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his expression of remorse and his statement that he has taken steps to ensure that the misconduct does not recur. We have additionally considered the Referee's findings in mitigation as set forth herein, which in our view are substantial and fully supported by the record in this matter. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN and MARTOCHE, JJ., concur.

Order of censure entered.